## NANCY BURTON *v.* JOSEPH DIMYAN ET AL.
## (AC 21252)

Schaller, Dranginis and Dupont, Js.

Argued November 1, 2001—officially released April 2, 2002

*Nancy Burton*, pro se, the appellant (plaintiff).

*Stuart M. Ketaineck*, for the appellees (named defendant et al.).

*Karen T. Gerber*, with whom, on the brief, were *Jane E. Stoddard* and *Anthony Nuzzo, Jr.*, for the appellee (defendant Elie Coury).

*Opinion*

PER CURIAM. The pro se plaintiff, Nancy Burton, appeals from the trial court's judgment of nonsuit rendered against her. In this appeal, she claims that the

trial court improperly (1) rendered the judgment of nonsuit, (2) granted the defendants' motions to strike the counts of her complaint that alleged a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., and (3) denied her motions for stay, transfer and disqualification without a hearing.[1] We affirm the judgment of the trial court.

The following procedural history is necessary for our resolution of this appeal. The plaintiff brought this action against the defendant law firm, Pinney, Payne, Van Lenten, Burrell, Wolfe & Dillman (law firm), and attorneys Joseph Dimyan and Elie Coury,[2] claiming, inter alia, vexatious prosecution, abuse of process and unfair trade practices. During the pendency of the action, the case appeared on the dormancy calendar several times. On June 7, 1999, the court, ruling on one of the plaintiff's many motions to exempt the case from dormancy dismissal, granted the plaintiff's motion notwithstanding its untimeliness and ordered the pleadings closed and the case to be on the trial list by August 2, 1999. The court stated, "If pleadings are not closed [by such time], motion for nonsuit may be filed."

On August 10, 1999, the case was still not on the trial list, and the law firm and Dimyan together filed a motion for nonsuit. On August 18, 1999, Coury also filed a motion for nonsuit. On January 31, 2000, the court

___

[1] The plaintiff's preliminary statement of issues on appeal also includes a claim that the trial court improperly denied her motion to reargue. Because the plaintiff failed to address this claim in her appellate brief, we consider it abandoned. See *State* v. *Mims*, 61 Conn. App. 406, 410, 764 A.2d 222, cert. denied, 255 Conn. 944, 769 A.2d 60 (2001).

[2] The other defendants are Bruce A. Chamberlain, Milton Burton, June Burton and John Burton. They are not involved in this appeal. The plaintiff claims that Coury also is not a party to this appeal because the action remains pending against him in the trial court. The court's order of January 31, 2000, granting the motion for a nonsuit if the plaintiff did not comply with the court's previous order by April 15, 2000, however, terminated the lawsuit as to Coury.

granted both motions, stating: "Nonsuit may enter if order dated June 7, 1999, is not complied with on or before April 15, 2000." On April 13, 2000, the plaintiff filed a revised complaint accompanied by a motion for an extension of time to close the pleadings.[3] Thereafter, a judgment of nonsuit was rendered against the plaintiff.[4] This appeal followed.

The plaintiff first claims that the court improperly rendered the judgment of nonsuit. We disagree.

Practice Book § 17-19 provides in relevant part that "[i]f a party fails to comply with an order of a judicial authority . . . the party may be nonsuited or defaulted by the judicial authority." Because the nonsuit here was a penalty for the plaintiff's failure to close the pleadings, we apply the modified standard of review set forth by our Supreme Court in *Millbrook Owners Assn., Inc.* v. *Hamilton Standard*, 257 Conn. 1, 17–18, 776 A.2d 1115 (2001), for claims challenging a trial court's order for sanctions.

"First, the order to be complied with must be reasonably clear. In this connection, however, we also state that even an order that does not meet this standard may form the basis of a sanction if the record establishes that, notwithstanding the lack of such clarity, the party sanctioned in fact understood the trial court's intended meaning. This requirement poses a legal question that we will review de novo.

---

[3] It is unclear from the record when the court acted on this motion. It appears, however, that the motion was denied.

[4] Coury, Dimyan and the law firm filed additional motions for nonsuit on June 29 and 30, 2000, respectively. It appears that the plaintiff objected to the motions in one objection. The record reveals that the court granted the motion for nonsuit filed by Dimyan and the law firm, but did not act on Coury's motion.

We are not persuaded by the plaintiff's assertion that Coury, therefore, is not a party to this appeal. The court's order of January 31, 2000, granting the motion for nonsuit if the plaintiff did not comply with the court's previous order by April 15, 2000, terminated the action as to Coury.

"Second, the record must establish that the order was in fact violated. This requirement poses a question of fact that we will review using a clearly erroneous standard of review.

"Third, the sanction imposed must be proportional to the violation. This requirement poses a question of the discretion of the trial court that we will review for abuse of that discretion." Id.

We conclude that the court properly rendered the judgment of nonsuit because the court's January 31, 2000 order was abundantly clear, and it is undisputed that the plaintiff, who is an attorney, failed to close the pleadings. The judgment of nonsuit was rendered in light of the case having been placed repeatedly on the dormancy calendar and the plaintiff's failure to close the pleadings a full year after the court's initial order to do so.

The plaintiff next claims that the court improperly granted the motions to strike the CUTPA counts of her complaints. We disagree.

The plaintiff's brief is vague and provides little guidance for this court to evaluate this claim. After reviewing the record, it appears that she is challenging the granting of the request to revise of Dimyan and the law firm.[5] In this case, the defendants' request to revise was proper. See *P & L Properties, Inc.* v. *Schnip Development Corp.*, 35 Conn. App. 46, 50, 643 A.2d 1302, cert. denied, 231 Conn. 913, 648 A.2d 155 (1994). The plaintiff failed to file a timely objection to the defendants' request to revise. Pursuant to Practice Book § 10-37,

[5] The defendants' motion to strike the CUTPA counts was previously granted by the trial court in June, 1996. Subsequently, the plaintiff filed a substitute complaint again alleging the CUTPA counts. The record reveals that the trial court overruled the defendants' objection to the substitute complaint, thus, reinstating the CUTPA counts. Thereafter, the defendants filed a request to revise.

the request is automatically granted unless the opposing party files a timely objection. Furthermore, on April 13, 2000, the plaintiff filed a revised complaint in which she did not allege any CUTPA claims against any of the defendants. Because the plaintiff filed an amended pleading, she waived her right to claim that the trial court's action was improper. Id., 49. There being no timely objection in this case and because the plaintiff subsequently filed a complaint that excludes the CUTPA counts, we conclude that this claim is without merit.

The plaintiff finally claims that the court improperly denied her motions for stay, for transfer and to disqualify without a hearing, thereby depriving her of the opportunity to create an appellate record and of her fundamental right to due process.

The plaintiff offers no legal support or analysis for these claims. "We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." (Citations omitted; internal quotation marks omitted.) *Elm Street Builders, Inc.* v. *Enterprise Park Condominium Assn., Inc.*, 63 Conn. App. 657, 659 n.2, 778 A.2d 237 (2001).[6] We deem these claims abandoned and therefore decline to review them.

The judgment is affirmed.

---

[6] We also note that these motions have not been made part of the appellate record. It is the appellant's burden to provide the court with a proper record for review. Practice Book § 61-10.