[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision Motion to Re argue
By writ, summons and complaint returnable on June 19, 2001 the plaintiff claimed money damage for personal injuries allegedly sustained as a result of a slip and fall on Jello which had been dropped on the floor of the defendant Stop Shop companies, Inc. The defendant immediately appeared and filed a motion for disclosure and production. On July 24th the plaintiff filed a motion for extension of time for 30 days to respond to the discovery requests, that is, until August 24, 2001.
On December 18, 2001, no responses having been filed by the plaintiff, the defendant filed a motion to compel compliance regarding claimed CT Page 9055 aggravation of pre-existing medical conditions to the spine and shoulder. On January 7, 2002 the court ordered the plaintiff to provide all medical records of pre-existing conditions within 60 days (Kocay, J.), that is no later than March 7, 2002.
On March 15, 2002 the defendant filed a motion for non-suit against the plaintiff since the plaintiff had still failed to comply with the disclosure of medical records which had originally been requested in June, 2002. The plaintiff did not comply with the disclosure re medical records. The plaintiff did not partially comply by only sending what records she thought appropriate or sending a medical release form. The plaintiff did not seek a protective order. On April 29, 2002, following oral argument, this court ordered the plaintiff to sign authorizations for release of medical records and return them to defendant's counsel within 30 days. "If plaintiff does not comply, nonsuit is granted."(Foley, J.)
Law:
Practice Book § 17-19 provides in relevant part that "[i]f a party fails to comply with an order of a judicial authority . . . the party may be nonsuited or defaulted by the judicial authority." The failure to comply with a court's order regarding disclosure may result in a non-suit and an appellate court upon an appeal would apply the standard of review set forth by our Supreme Court in Millbrook Owners Assn., Inc. v.Hamilton Standard, 257 Conn. 1, 17-18, 776 A.2d 1115 (2001). See Burtonv. Dimyan, 68 Conn. App. 844, 846, 793 A.2d 1157 (2002).
"The granting or denial of a discovery request rests in the sound discretion of the court." Standard Tallow Corporation v. Jowdy,190 Conn. 48, 57, 459 A.2d 503 (1983); see also Kiessling v. Kiessling,134 Conn. 564, 568, 59 A.2d 532 (1948). The discretion applies to "decisions concerning whether the information is material, privileged, substantially more available to the disclosing party, or within the disclosing party's knowledge, possession or power. . . ." Standard TallowCorporation v. Jowdy, supra, 59-60. "Discretion means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice." State v. Arbour, 29 Conn. App. 744, 748, 618 A.2d 60
(1992). Generally, the rules of civil discovery are liberally construed. See Lougee v. Grinnell, 216 Conn. 483, 489, 582 A.2d 456 (1990); see alsoSanderson v. Steve Snyder Enterprises, Inc., 196 Conn. 134, 140,491 A.2d 389 (1985).
Practice Book § 13-5 entitled "Protective Order" states in relevant part that "for good cause shown, the judicial authority may make any order CT Page 9056 which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters. . . . The proper means to limit the scope of discovery, in the present case, would have been for the plaintiff to file a motion for a protective order under Practice Book § 13-5 as stated by the court during oral argument on April 29, 2002.[1]
Unhappy with the court's order to produce medical release authorizations, the plaintiff filed a motion to reargue. The plaintiffs requested relief, as stated in her motion to reargue, seeks to have the court limit the scope of discovery without filing a protective order. Because the plaintiff seeks to limit the scope of discoverable medical information through a motion to reargue as opposed to a motion for a protective order, and further because the plaintiff failed to comply with discovery attempts since June, 2002 and then failed to comply with the court's January 7, 2002[2] and April 29, 2002 orders, the plaintiffs motion to reargue (#124) is denied.
Foley, J.