McDONALD, J.
**62 Trial court judges have the difficult task of maintaining order over the judicial proceedings before them and ensuring the integrity of those proceedings. To do so, judges have broad discretion to impose the sanctions necessary to ensure parties' compliance with court orders and the rules of the court. In this certified appeal, the defendant, Mount Vernon Fire Insurance Company, contends that the Appellate Court improperly determined that the trial court abused its discretion when it rendered a judgment of nonsuit against the plaintiffs, William P. Ridgaway, Sr., individually and as administrator of the estate of William P. Ridgaway, Jr., and Rita Grant, for their counsel's conduct **63 in relation to counsel's failure to comply with an order of the court. The plaintiffs contend, as an alternative ground for affirmance, that the trial court based its sanction of nonsuit on facts that were not supported by the record. Although we agree with the plaintiffs that certain factual findings were not supported by the record, we cannot determine as a matter of law whether the trial court would have imposed the same sanction in the absence of those facts. Accordingly, we affirm the judgment of the Appellate Court insofar as that court reversed the judgment of nonsuit, but we direct that court to remand the case to the trial court for further proceedings to consider a sanction proportionate to the facts supported by the record.
We begin with the undisputed facts and procedural history giving rise to this appeal. Prior to the present action, the plaintiffs settled a dram shop action[1] brought against the owner and operator of a nightclub, Silk, LLC, and several insurance companies providing coverage to Silk. The settlement agreement contained a confidentiality provision, which provided in relevant part: "It is a material condition of this [a]greement that, except as required by law or court order , the [p]arties shall not disclose to any person or entity, and shall take all reasonable measure to prevent the disclosure of, the existence, terms and/or subject matter of this [a]greement ...." (Emphasis added.)
The defendant in the present action was also named as a defendant in the dram *1170 shop action, but it contested coverage for the liability and refused to participate in the settlement. As part of the settlement agreement, Silk assigned to the plaintiffs its rights against the defendant. In June, 2011, the plaintiffs brought the present **64 action against the defendant seeking to enforce Silk's rights and claiming a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., for the defendant's refusal to provide coverage. The defendant alleged in its special defenses and counterclaim that the insurance policy it issued to Silk did not provide coverage for the alcohol related liability.
During discovery, in the summer of 2013, the defendant sought disclosure of a transcript of a deposition that had been taken in the dram shop action, along with supporting exhibits (collectively, deposition documents). The plaintiffs' counsel[2] responded by letter that "[b]ecause the [p]laintiffs are subject to a confidentiality agreement, [counsel would] not be turning over any documents unless ordered to do so by the [c ]ourt ." (Emphasis added.)
In September, 2013, the defendant moved for a court order requiring the plaintiffs to produce the deposition documents. The defendant appended as an exhibit to the motion the letter from the plaintiffs' counsel. The plaintiffs filed an objection to the motion on the ground that the settlement agreement precluded disclosure of the documents. In a subsequent surreply in support of the objection, the plaintiffs' counsel asserted that should the court require a copy of the settlement agreement to determine whether to grant the motion for an order of disclosure, then counsel would request permission to file the agreement under seal and to have **65 the court conduct an in camera review. In the plaintiffs' objection and all subsequent correspondence to the court, the plaintiffs' counsel never informed the court that the settlement agreement permitted disclosure if required by court order.
On February 26, 2014, the court, Hon. Thomas F. Parker , judge trial referee, issued an order directing that the plaintiffs "shall file a copy of the confidentiality agreement upon which [they rely] by March 7, 2014," but permitted them to redact any dollar amounts. As of March 7, 2014, the plaintiffs had not filed the settlement agreement or any other document related to the order (i.e., motion for extension of time, motion to file under seal) with the court.
One week after the court's deadline lapsed, the defendant filed a "Motion for Entry of Nonsuit and Sanctions for Failing to Comply with Discovery Order" on the ground that the plaintiffs had wilfully failed to comply with the February 26, 2014 "discovery" order. In that motion, the defendant requested that the trial court order the plaintiffs to provide the deposition documents to the defendant within ten days of a court order to do so, to render a judgment of nonsuit if the plaintiffs failed to comply with such order, and to further order the plaintiffs to pay the defendant's attorney's fees associated with the motion for nonsuit.
In response to that motion, the plaintiffs took two actions. On April 8, 2014, the plaintiffs' counsel faxed a copy of the settlement agreement, with dollar amounts *1171 redacted, to the defendant . In the accompanying cover memorandum, counsel stated the agreement was being provided pursuant to the court's February 26, 2014 order. Shortly thereafter, the plaintiffs filed an objection to the motion for nonsuit and sanctions on the ground that they had complied with the February 26, 2014 order by providing a copy of the agreement to the defendant. **66 The plaintiffs did not file with the court a copy of the agreement along with their objection.
Approximately two weeks later, the plaintiffs' counsel undertook certain steps that would permit disclosure of the deposition documents to the defendant. Counsel sent a letter to all parties to the settlement agreement (copied to the defendant) indicating that counsel intended to provide the deposition documents to the defendant in ten days unless the parties to the settlement agreement objected. After two of the settlement parties indicated that they would be opposed to disclosure without a court order or subpoena, the defendant provided a subpoena for the documents. The plaintiffs did not inform the court of these events.
On April 28, 2014, without oral argument on the motion for nonsuit or for sanctions, the trial court issued a summary order that granted the defendant's "motion for nonsuit for failure to comply with [the court's February 26, 2014] order." The court did not issue a written decision explaining the reasons for granting the motion or for rejecting the lesser preliminary sanction sought by the defendant, namely, an order for the plaintiffs to provide the defendant with the deposition documents and to pay attorney's fees. The parties did not have notice of the order for several weeks, however, because the court system was delayed in uploading it to the case management system.
Several events occurred during the intervening period between the date that the court issued its order and the date the court clerk posted the order and entered the judgment of nonsuit. The defendant filed a reply to the plaintiffs' objection to the motion for nonsuit or for sanctions, to which it appended the redacted agreement that the plaintiffs' counsel had provided to the defendant. The plaintiffs' counsel mailed the deposition documents **67 to the defendant, but did not concurrently notify the court of this action.
On the same date that the court clerk processed the nonsuit order and entered judgment against the plaintiffs, the clerk processed the court's order overruling the plaintiffs' objection to the defendant's motion for nonsuit. In this order, the trial court explained that, while it was aware that the plaintiffs had provided a copy of the settlement agreement to the defendant, such action did not comply with the clear order to file the agreement with the court.
Later that month, the plaintiffs filed a motion to open the judgment of nonsuit in which they asserted that they had provided the defendant with a redacted copy of the settlement agreement and the deposition documents. In a supplemental memorandum of law in support of their motion to open, they further asserted that the judge trial referee lacked jurisdiction and authority to impose such a sanction.
Before ruling on the motion to open, on June 5, 2014, the court ordered the plaintiffs to file the settlement agreement with the court by June 12, 2014. After the plaintiffs timely filed an unredacted copy of the settlement agreement,[3] the court denied *1172 the motion to open the judgment of nonsuit. The court issued a seventy-one page memorandum of decision setting forth the facts and its reasoning, the latter which we address in **68 part II of this opinion. The court cited Practice Book § 17-19 (sanctions for failure to comply with court order) rather than Practice Book § 13-14 (sanctions for failure to comply with discovery order)-the authority cited by the defendant in its motion for nonsuit or for sanctions-as the authority under which it had granted the motion for nonsuit.[4] In its memorandum of decision, the court indicated that a copy of its decision was going to be sent to the Chief Disciplinary Counsel.
The plaintiffs appealed to the Appellate Court from the judgment of nonsuit and the denial of their motion to open, claiming that the judge trial referee lacked subject matter jurisdiction or authority to render a judgment of nonsuit, and that the trial court improperly had rendered a judgment of nonsuit and denied the motion to open. The plaintiffs challenged the merits of the decisions both as resting on facts that were not supported by the record and as an abuse of discretion.
The Appellate Court reversed the judgment of nonsuit on the merits. Ridgaway v. Mount Vernon Fire Ins. Co. , 165 Conn. App. 737, 761, 140 A.3d 321 (2016). It **69 held that the trial court had both subject matter jurisdiction and authority to render a judgment of nonsuit. Id., at 750-55, 140 A.3d 321. The Appellate Court did not reach the plaintiffs' factual claim, instead concluding that the trial court had abused its discretion because the sanction of nonsuit was not proportionate to the misconduct at issue. Id., at 755-61, 140 A.3d 321. In support of that conclusion, the Appellate Court pointed to the fact that the trial court had attributed the improper conduct solely to the plaintiffs' counsel and that there had been no harm to the defendant. Id., at 760-61, 140 A.3d 321. The defendant's certified appeal to this court followed. See Ridgaway v. Mount Vernon Fire Ins. Co ., 322 Conn. 908, 140 A.3d 978 (2016).
The defendant claims that the Appellate Court improperly held that the trial court had abused its discretion in rendering judgment of nonsuit. Specifically, the defendant asserts that the Appellate Court improperly applied a proportionality test *1173 that applies only to sanctions for violations of discovery orders, but that, under either the proportionality test or the proper general abuse of discretion standard, the trial court properly rendered judgment of nonsuit. In response, the plaintiffs assert that proportionality is a requirement of all sanctions and that the Appellate Court properly held that it was an abuse of discretion to nonsuit the plaintiffs. In the alternative, the plaintiffs assert that the trial court's judgment is based on facts that are clearly erroneous and that the facts supported by the record are an inadequate basis for a sanction of nonsuit. We agree with the plaintiffs that the trial court's judgment is based, in part, on facts that are not supported by the record, and conclude that the case must be remanded for further proceedings to determine whether the remaining improper conduct constituted an adequate and proper basis for a sanction of nonsuit.[5] **70 I
We begin with the standard of review and governing principles. Insofar as the plaintiffs challenge certain of the trial court's factual findings that formed the basis for the sanction of nonsuit, such findings are reviewed under the typical clearly erroneous standard. Faile v. Stratford , 177 Conn. App. 183, 200, 172 A.3d 206 (2017). A finding of fact is clearly erroneous when there is no evidence in the record to support it. Wasniewski v. Quick & Reilly, Inc ., 292 Conn. 98, 103, 971 A.2d 8 (2009). To the extent that the trial court's findings relate to a credibility assessment, the trial court is in the best position to evaluate the evidence and the demeanor of the parties, and, therefore, we defer to the credibility determinations made by the trial court. Nutmeg Housing Development Corp. v. Colchester , 324 Conn. 1, 10, 151 A.3d 358 (2016).
The ultimate decision to order a nonsuit on the basis of facts supported by the record, whether pursuant to the trial court's inherent authority or the rules of practice,[6] is reviewed under the abuse of discretion standard, requiring every reasonable presumption to be made in favor of the court's action. Millbrook Owners Assn., Inc. v. Hamilton Standard , 257 Conn. 1, 14-15, 776 A.2d 1115 (2001) ( Millbrook ). Similarly, a decision whether to open a judgment of nonsuit is reviewed under the abuse of discretion standard.
**71 Biro v. Hill , 231 Conn. 462, 467-68, 650 A.2d 541 (1994) ; see generally Practice Book § 17-43 (a).
In considering whether the trial court properly exercised that discretion, "[t]he determinative question for an appellate court is not whether it would have imposed a similar sanction but whether the trial court could reasonably conclude as it did given the facts presented." (Internal quotation marks omitted.) Millbrook , supra, 257 Conn. at 15, 776 A.2d 1115. Even so, "the court's discretion should be exercised mindful of the policy preference to bring about a trial on the merits of a *1174 dispute whenever possible and to secure for the litigant his day in court." (Internal quotation marks omitted.) Id., at 16, 776 A.2d 1115. "Therefore, although dismissal of an action is not an abuse of discretion where a party shows a deliberate, contumacious or unwarranted disregard for the court's authority ... the court should be reluctant to employ the sanction of dismissal except as a last resort." (Citations omitted; internal quotation marks omitted.) Id., at 16-17, 776 A.2d 1115.
In Millbrook , this court explained that a trial court properly exercises its discretion in imposing a sanction for a violation of a court order when (1) the order to be complied with is reasonably clear, (2) the record establishes that the order was in fact violated, and (3) the sanction imposed is proportionate to the violation. Id., at 17-18, 776 A.2d 1115. The court in Millbrook considered the propriety of a nonsuit in the context of a sanction for the violation of a discovery order. Id., at 17, 776 A.2d 1115.
This court has not had occasion to expressly state whether the "proportionality" requirement first expressed in Millbrook applies equally to nonsuits that are imposed outside the discovery context. Nonetheless, it is evident that proportionality is not substantively different from the requirements previously articulated in cases addressing the general rubric of abuse of discretion-that nonsuit must be a "last **72 resort"; Fox v. First Bank , 198 Conn. 34, 39, 501 A.2d 747 (1985) ; and "the only reasonable remedy available to vindicate the legitimate interests of [the other parties and the court]." Pietraroia v. Northeast Utilities , 254 Conn. 60, 75, 756 A.2d 845 (2000) ; see also Zocaras v. Castro , 465 F.3d 479, 483 (11th Cir. 2006) ("[d]ismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances" [internal quotation marks omitted] ), cert. denied, 549 U.S. 1228, 127 S.Ct. 1300, 167 L.Ed.2d 113 (2007). Accordingly, rather than establishing a different standard for nonsuit in the context of a discovery sanction, this court articulated in Millbrook a term that provides more meaningful guidance regarding the exercise of discretion that applies to all sanctions of nonsuit. See, e.g., McHenry v. Nusbaum , 79 Conn. App. 343, 351-52, 830 A.2d 333 (applying proportionality analysis to nonsuit entered pursuant to Practice Book § 17-19 for violation of court order), cert. denied, 266 Conn. 922, 923, 835 A.2d 472, 473 (2003). Indeed, we cannot imagine a circumstance under which it would not be an abuse of discretion to impose a sanction that is disproportionate to the misconduct.[7] We note that courts in other jurisdictions review for proportionality an order of nonsuit or dismissal as a sanction for a violation of a court order that occurs outside the context of discovery. See, e.g., Lang v. Rogue Valley Medical Center , 361 Or. 487, 501, 395 P.3d 563 (2017) ("before a court dismisses an action for failing to comply with one of its orders, it must consider whether a lesser sanction will suffice and explain why it concluded that dismissal was the appropriate **73 sanction"). Therefore, the Appellate Court properly considered whether nonsuit was a proportionate sanction in the present case.
Having established that the Appellate Court properly considered proportionality, *1175 we next examine the factors that courts have identified as relevant to that consideration, namely, the nature and frequency of the misconduct, notice of the possibility of a nonsuit, lesser available sanctions, and the plaintiff's participation in or knowledge of the misconduct.
Our appellate courts have upheld the imposition of a sanction of nonsuit when there is evidence of repeated refusals to comply with a court order. See, e.g., Fox v. First Bank , supra, 198 Conn. at 37-38, 501 A.2d 747 (failure to make payments to defendant in accordance with temporary restraining order, resulting in three findings of contempt in seven month period); Rodriguez v. Mallory Battery Co. , 188 Conn. 145, 150-51, 448 A.2d 829 (1982) (failure to revise complaint despite multiple orders over nine months); Bongiovanni v. Saxon , 99 Conn. App. 221, 226-29, 913 A.2d 471 (2007) (plaintiff's filing of false certificate of closed pleadings did not comply with order to file certificate by certain date); Burton v. Dimyan , 68 Conn. App. 844, 845-46, 793 A.2d 1157 (over period of nine months, plaintiff failed to comply with order to file certificate of closed pleadings), cert. denied, 260 Conn. 925, 797 A.2d 520 (2002). Courts in other jurisdictions similarly have upheld sanctions for repeated, wilful violations of court orders. See, e.g., Wood v. UHS of Peachford, L.P. , 315 Ga. App. 130, 131-32, 726 S.E.2d 422 (2012) (dismissal was appropriate sanction for counsel's repeated and flagrant violations of trial court's orders during discovery and voir dire).
Although this court has not considered whether a single act of misconduct could warrant the sanction of **74 nonsuit, courts in other jurisdictions have concluded that a single act could warrant nonsuit or dismissal if the act is sufficiently egregious, particularly when the improper conduct involves the perpetration of a deception on the court. See State ex rel. King v. Advantageous Community Services, LLC , 329 P.3d 738, 744-45 (N.M. App. 2014) (fabrication of evidence was so egregious that single instance warranted dismissal); see also Santiago v. E.W. Bliss Co. , 362 Ill.Dec. 462, 973 N.E.2d 858, 862 (2012) (intentionally filing complaint using fictitious name without court approval could warrant dismissal if lesser sanctions were inadequate to remedy "both the harm to the judiciary and the prejudice to the opposing party").
In instances in which our appellate courts have upheld the sanction of a nonsuit, a significant factor has been that the trial court put the plaintiff on notice that noncompliance would result in a nonsuit. See Fox v. First Bank , supra, 198 Conn. at 38-39, 501 A.2d 747 (court order directed plaintiff to comply with terms of restraining order or be subject to judgment of dismissal); Rodriguez v. Mallory Battery Co. , supra, 188 Conn. at 148, 448 A.2d 829 (final order stated that failure to revise would result in nonsuit); Burton v. Dimyan , supra, 68 Conn. App. at 845-46, 793 A.2d 1157 (order to file certificate of closed pleadings provided notice that failure to do so would result in nonsuit). However, appellate courts in other jurisdictions that have considered an egregious act or acts of deception toward the trial court have upheld the sanction of a nonsuit or dismissal without discussing notice. See Bryant v. Mezo , 226 So.3d 254, 256 (Fla. App. 2017) (dismissal was proper when personal injury plaintiff's failure to disclose prior relevant injuries constituted fraud on court); Illinois Central Gulf Railroad Co . v. McLain , 174 So.3d 1279, 1287 (Miss. 2015) (totality of conduct, including improper contact with juror, committing perjury, and soliciting material witness to commit perjury to corroborate story sufficiently egregious **75 to warrant dismissal). The deception in such cases has not been as to a collateral matter, but as to a material issue that went to the heart of the case. Accordingly, *1176 it may be that when the act is of a particularly egregious nature, notice of this ultimate sanction is imputed.
This court has refused to uphold a sanction of nonsuit when there were available alternatives to dismissal that would have allowed a case to be heard on the merits while ensuring future compliance with court orders. See Pietraroia v. Northeast Utilities , supra, 254 Conn. at 77-78, 756 A.2d 845 (reversing judgment dismissing case for failure to appear for deposition and medical examination because plaintiff's failure to appear was due to residence in Australia, and he had presented reasonable alternatives to traveling to Connecticut to comply with requirements). Courts in other jurisdictions similarly have reversed a sanction of nonsuit or dismissal when it has not been established that a lesser sanction would be inadequate to vindicate the interests of the other party and the trial court. See, e.g., McKoy v. McKoy , 214 N.C. App. 551, 554, 714 S.E.2d 832 (2011) (vacating trial court's order dismissing counterclaim for failure to prosecute or schedule required conference for twenty-six months when trial court made no findings that lesser sanctions were considered and found inadequate and ordering remand); see also Zocaras v. Castro , supra, 465 F.3d at 484 (lack of express finding regarding lesser sanction was not fatal when it was implicit in grounds stated for dismissal that no other sanction would be adequate).
Whether the misconduct was solely attributable to counsel and not to the party also has been a factor in assessing whether a less severe sanction than a nonsuit or dismissal should have been ordered. See Herrick v. Monkey Farm Cafe, LLC , 163 Conn. App. 45, 49-50, 53, 134 A.3d 643 (2016) (trial court abused its discretion in rendering judgment of nonsuit when attorney failed **76 to timely pay opposing parties' attorney's fees for time spent pursuing various requests to revise); EMM Enterprises Two, LLC v. Fromberg, Perlow & Kornik, P.A. , 202 So.3d 932, 934 (Fla. App. 2016) (before dismissal for fraud on court, factors to be considered include prior sanctions against attorney and personal involvement of plaintiff); Eaton Corp. v. Frisby , 133 So.3d 735, 759 (Miss. 2013) (dismissal was proper exercise of court's discretion when plaintiff knew, through its corporate officers, that counsel had engaged in improper ex parte communication with judge). However, some courts will apply a presumption that the client had notice of and, in turn, liability for counsel's actions. See, e.g., Link v. Wabash Railroad Co. , 370 U.S. 626, 633-34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (no merit to contention that dismissal of petitioner's claim on basis of counsel's unexcused conduct imposes unjust penalty because party is deemed bound by acts of his lawyer and is considered to have notice of all facts known to his attorney); see also Sousa v. Sousa , 173 Conn. App. 755, 773 n.6, 164 A.3d 702 ("[a]n attorney is the client's agent and his knowledge is imputed to the client" [internal quotation marks omitted] ), cert. denied, 327 Conn. 906, 170 A.3d 2 (2017).
II
With this background in mind, we turn to the sanction of a nonsuit in the present case. Although the Appellate Court concluded that it was an abuse of discretion for the trial court to order a sanction of nonsuit on the basis of two factors, namely, that the improper conduct had been attributed solely to the plaintiffs' counsel and that there had been no harm to the defendant, the principles we articulated in part I of this opinion reflect that, in assessing proportionality, a trial court must consider the totality of the circumstances, including, most importantly, the nature of the conduct itself. Accordingly, in order to determine whether the sanction of *1177 a **77 nonsuit was a proper exercise of discretion in this case, we must determine the factual basis on which the trial court relied when imposing the sanction. See Millbrook , supra, 257 Conn. at 15, 776 A.2d 1115 (whether nonsuit was abuse of discretion based on whether "the trial court could reasonably conclude as it did given the facts presented" [internal quotation marks omitted] ). In light of the plaintiffs' challenge to many of those factual findings, we first set forth the facts on which the trial court's sanction rested, then consider whether those facts are supported by the record and, finally, assess whether the trial court's judgment of nonsuit, if based on facts properly found, should be upheld.
A
The trial court made no factual findings when it summarily granted the defendant's "motion for nonsuit for failure to comply with [the court's February 26, 2014] order." However, in the court's decision overruling the plaintiffs' objection to the motion, the court found that its February 26, 2014 order to file the settlement agreement was "succinct, clear, and unambiguous," and that "[t]here has not been a semblance of compliance." The court rejected the plaintiffs' argument that their provision of the settlement agreement to the defendant constituted compliance with the court's order.
The court's seventy-one page memorandum of decision denying the plaintiffs' motion to open the judgment of nonsuit clearly reflected the court's exasperation regarding the actions of the plaintiffs' counsel and an unwillingness to ascribe any innocent motive for that conduct. Focusing exclusively on the court's factual findings and conclusions, the court's grounds for ordering a nonsuit essentially distill into three categories: (1) improper conduct; (2) improper motive; and (3) inadequacy of lesser sanctions.
**78 With regard to the first category, the court cited three improper actions. It found that the plaintiffs' counsel had knowingly misrepresented to the court that the settlement agreement barred disclosure of the deposition documents when the agreement contained a clear exception that permitted disclosure when so ordered by the court. It found that counsel had wilfully failed to comply with the February 26, 2014 order to file the agreement with the court. And it found that counsel had made further misrepresentations in connection with its motion to open, such as falsely claiming that counsel misunderstood the February 26, 2014 order as requiring disclosure of the agreement to the defendant, to justify the failure to comply with the order. The court expressly declined to find that the plaintiffs either personally knew or did not know of their counsel's improper conduct.[8]
Turning to the second category, the court ascribed two improper motives for the failure of the plaintiffs' counsel to file the settlement agreement with the court in accordance with the February 26, 2014 order. It found that counsel had not done so to avoid revealing the misrepresentation that the agreement barred disclosure. In addition, the court found that counsel sought to prevent the defendant from discovering the settlement amounts paid by other parties to the plaintiffs, which, in turn, would reveal the extent to which those funds had reduced the amount of damages recoverable under the policy issued by the defendant.
As to the third category, the trial court rejected alternatives to a judgment of nonsuit. It concluded that an order for the *1178 payment of costs incurred by the defendant in seeking the deposition documents would not **79 constitute a sufficient sanction because those costs would be minor. The court also rejected a sanction of removing the plaintiffs' counsel on the ground that it would be unlikely that the plaintiffs would be able to secure new counsel. The court cited the duration and complexity of the prior and present cases, as well as the defendant's maximum liability, which the court calculated to be no more than $600,000 under the $1 million insurance policy that Silk held, in light of the amounts paid by other parties to the settlement agreement.
B
In light of these facts that the trial court found, we turn to the question of whether they are supported by the record or clearly erroneous. We conclude that most, but not all, of the facts are supported by the record.
All of the trial court's findings related to improper conduct are supported by the record. Given that the agreement expressly and unambiguously authorized disclosure pursuant to a court order, counsel's unqualified statement to the court that the agreement barred disclosure was at the very least a misrepresentation by omission. It is undisputed that the plaintiffs did not file the settlement agreement with the court by the date specified in the February 26, 2014 order. The court reasonably could have found that counsel's subsequent statement that counsel misunderstood the February 26, 2014 order as requiring that the agreement be provided to the defendant to be a purposeful misrepresentation because (1) the order directed the plaintiffs to "file" the agreement, a term that plainly does not import to an attorney the production of the document to the opposing party, (2) counsel subsequently averred, in support of the plaintiffs' motion to open, that the order required that the agreement be filed with the court , and (3) the defendant never sought disclosure of the settlement agreement, only the deposition documents.
**80 Although the plaintiffs' counsel provided the court with an alternative, innocent explanation for such conduct, the trial court was not required to find that explanation credible. As noted by the trial court, its assessment of counsel's lack of candor (by way of omission) finds support in the fact that the plaintiffs' counsel failed to disclose in a letter to the settlement parties seeking permission to disclose the deposition documents that counsel had provided a redacted copy of the settlement agreement to the defendant.
However, the court's findings with regard to the motives for counsel's actions are supported only in part by the record. The court reasonably could have drawn the inference from the foregoing facts that counsel's purposeful failure to file the settlement agreement was for the purpose of preventing the court from discovering counsel's earlier misrepresentation regarding the per se bar on disclosure under the settlement agreement. This inference is further supported by the fact that counsel took steps to disclose the deposition documents to the defendant rather than submit the settlement agreement to the court, presumably to resolve the discovery matter without revealing the terms of the settlement agreement to the court.[9]
Conversely, the court's finding related to improper financial motive is not supported *1179 by the record. There **81 is no basis to conclude that the plaintiffs failed to comply with the February 26, 2014 order for the purpose of hiding the amount paid to them by other parties to the agreement. The February 26, 2014 order specifically allowed the plaintiffs to redact the dollar amounts from the agreement before filing it with the court. Therefore, the plaintiffs could fully comply with the order without giving the defendant access to this information. Moreover, the fact that the plaintiffs' counsel filed an unredacted copy of the agreement with the court during the proceedings on the motion to open squarely negates the court's finding related to financial motive.
As with the issue of motive, the court's findings in support of its conclusion that an adequate sanction short of a judgment of nonsuit was unavailable are supported only in part by the record. Although the court reasonably could have concluded that an order for payment of costs would be inadequate because such costs would be minimal, there is no factual support for the court's reasons rejecting an order removing the plaintiffs' counsel. The court found that no other attorney would be willing to take on the case because of its length and complexity, and the maximum recovery available, given the settlement. Despite the lengthy history of the two cases at issue, however, the claims against the defendant in this case raise narrow, relatively uncomplicated issues-whether the policy issued by the defendant provided coverage for the alcohol related death of the plaintiffs' decedent and whether the defendant's conduct in denying coverage in the dram shop action was an unfair or deceptive trade practice. In addition, a finding that no other attorney would take on the case because it had a maximum possible recovery of $600,000 not only is speculative and counterintuitive, it ignores the CUTPA claim for which the plaintiffs also sought attorney's fees and punitive damages. Finally, there is no logical basis to conclude that the plaintiffs, **82 whom the court declined to find culpable, would not have preferred the opportunity to obtain new counsel rather than lose their ability to enforce their purported rights against the defendant.
C
Finally, we turn to the question of whether the trial court's judgment of nonsuit should have been upheld in light of the facts supported by the record. Insofar as the sanction was premised in part on counsel's violation of the February 26, 2014 court order to file the agreement, the first two prongs necessary for a sanction of nonsuit-a clear and unambiguous court order and a knowing violation of that order; Millbrook , supra, 257 Conn. at 17-18, 776 A.2d 1115 ;-are easily satisfied.
The question of whether a judgment of nonsuit was a proportionate sanction in light of the entirety of the factual findings supported by the record is more difficult to answer. We have no doubt that the serious misconduct by the plaintiffs' counsel warranted some form of sanction.[10]
*1180 The trial court's determination that a judgment of nonsuit was the only appropriate, proportionate sanction, however, was premised in part on erroneous facts or assumptions. We have no way to know with any degree of confidence that the trial court would have imposed the same sanction in the absence of those facts or assumptions. Nor can we conclude that the conduct was of such an egregious nature that it is clear as a matter of law that no other sanction would have been **83 adequate.[11] Cf. Zocaras v. Castro , supra, 465 F.3d at 484 (lack of express finding regarding lesser sanction not fatal when it is implicit in grounds stated for dismissal that no other sanction would be adequate). The delicate balance that is struck in assessing the proportionality of a sanction of nonsuit is one for the trial court to make in such instances.
Accordingly, the case should be remanded to the trial court for a hearing on the matter of sanctions, guided by the principles set forth in part I of this opinion. We express no opinion as to what sanction(s) would be proportionate to the misconduct at issue, and do not suggest that the court's options are limited to the alternative sanctions previously considered and rejected by the trial court. Whether further proceedings on the merits ensue, as the Appellate Court directed, will depend on the outcome of that hearing.
The judgment of the Appellate Court is affirmed insofar as that court reversed the trial court's judgment of nonsuit; the case is remanded to that court with direction **84 to remand the case to the trial court for further proceedings consistent with this opinion.
In this opinion the other justices concurred.

The Dram Shop Act; General Statutes § 30-102 ; provides for liability against a person who sells alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, thereafter injures the person or property of another.

We note that the trial court's findings were inconsistent in terms of when it ascribed actions to the plaintiffs and to the plaintiffs' counsel, although the court ultimately attributed all improper conduct solely to counsel. For purposes of our recitation of facts and procedural history, when an action was undertaken by the plaintiffs' counsel outside of the court proceedings (i.e., a letter signed by counsel) or a statement was made by counsel in court proceedings, we identify counsel as the actor. In other instances we refer to the plaintiffs as the actors.

The court ordered the plaintiffs to file another copy of the settlement agreement because the first one included several illegible pages. The plaintiffs' counsel timely filed a second unredacted copy along with a signed letter stating that the copy was as legible as the one in counsel's possession. It is unclear from the record whether the court ordered the plaintiffs to file the settlement agreement because it was unaware that the case file contained a copy of the agreement that had been filed by the defendant, even though the plaintiffs had filed a motion to seal following that filing, or because the court wanted to see whether the plaintiffs would violate a second order to file the agreement with the court.

Practice Book § 17-19 provides in relevant part: "If a party fails to comply with an order of a judicial authority ... the party may be nonsuited or defaulted by the judicial authority."
Practice Book § 13-14 provides in relevant part: "(a) If any party has ... failed otherwise substantially to comply with any other discovery order made pursuant to Sections 13-6 through 13-11, the judicial authority may, on motion, make such an order as the ends of justice require.
"(b) Such orders may include the following:
"(1) The entry of a nonsuit or default against the party failing to comply;
"(2) The award to the discovering party of the costs of the motion, including a reasonable attorney's fee;
"(3) The entry of an order that the matters regarding which the discovery was sought or other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
"(4) The entry of an order prohibiting the party who has failed to comply from introducing designated matters in evidence;
"(5) If the party failing to comply is the plaintiff; the entry of a judgment of dismissal...."

Insofar as the plaintiffs also renew their argument that the judge trial referee lacked jurisdiction or authority to render judgment of nonsuit, we fully agree with the reasoning of the Appellate Court that there is no merit to this argument. See Ridgaway v. Mount Vernon Fire Ins. Co. , supra, 165 Conn. App. at 750-55, 140 A.3d 321.

In the present case, although the court cited only Practice Book § 17-19 as the authority under which it ordered the nonsuit, it appears that the court also relied on its inherent authority, as it cited both noncompliance with a court order and misrepresentations as grounds for the nonsuit. See part II A of this opinion; see also Jaconski v. AMF, Inc. , 208 Conn. 230, 233, 543 A.2d 728 (1988) ("trial court has the inherent power to provide for the imposition of reasonable sanctions, to compel the observance of its rules").

We note that, when the court exercises its inherent authority to impose sanctions for misconduct before the court, other than for the failure to obey a court order, as was partly so in the present case, the court's analysis will focus on whether there was wilful conduct showing deliberate disregard for the court's authority and whether a nonsuit is a sanction proportionate to that conduct. See, e.g., Santiago v. E.W. Bliss Co. , 362 Ill.Dec. 462, 973 N.E.2d 858, 862 (2012).

The court noted that the plaintiffs' counsel had a duty to keep the plaintiffs informed about the case but that the plaintiffs would have grounds to bring a claim against counsel if they were not complicit in their counsel's conduct.

Counsel contended that these steps had been taken to eliminate the need to file the settlement agreement with the court as that order was ultimately aimed at deciding whether the deposition documents must be produced. Even if true, this assertion is not inconsistent with the trial court's finding that counsel was motivated, at least in part, by a desire to hide the earlier misrepresentation regarding the scope of the settlement agreement. The trial court properly could draw an adverse inference from the fact that counsel declined to inform the court about these efforts. Insofar as counsel also argued that the motivation was to protect the settlement agreement from disclosure to the public, not the court, the court was not bound to accept that explanation, especially in the absence of a motion to file the agreement under seal following the court's February 26, 2014 order.

We also observe that misrepresentations to the court by an attorney are a violation of counsel's professional obligations and, even absent direct harm to the opposing party, harm the integrity of the judicial proceeding. See Rules of Professional Conduct 3.3 (a) ("[a] lawyer shall not knowingly ... [1] [m]ake a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer").

We note, however, an important distinction between the trial court's initial decision to order a judgment of nonsuit and its decision denying the plaintiffs' motion to open that judgment. At the time that the court ordered the judgment of nonsuit, the only misconduct then known to the court was that the plaintiffs' counsel had failed to comply with its order to file the settlement agreement, the deadline lapsing approximately seven weeks earlier. The court did not yet know the term of the settlement agreement's confidentiality provision and, thus, counsel's misrepresentation of those terms, and counsel had yet to make the misstatements to excuse the noncompliance with the order. Accordingly, if our review had been limited to the judgment of nonsuit, we could conclude that the court abused its discretion in ordering nonsuit on the basis of the single act of noncompliance with the order. Our review is not so limited, however, as it was proper for the trial court to consider the additional facts known to it when it decided whether to open the judgment. See generally Pantlin & Chananie Development Corp. v. Hartford Cement & Building Supply Co. , 196 Conn. 233, 237, 492 A.2d 159 (1985) (trial court weighs evidence presented by parties to determine if ground for opening judgment of default or nonsuit has been established by moving party).