******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## SHERI SPEER *v.* BROWN JACOBSON P.C. ET AL.
## (AC 47983)

Cradle, C. J., and Seeley and Lavine, Js.

*Syllabus*

The plaintiff appealed from the judgment of the trial court dismissing her quo warranto action challenging the qualifications of the defendant law firm and the defendant attorney to serve as corporation counsel for the defendant city. She claimed, inter alia, that the dismissal was a disproportionate sanction for her failure to appear at the trial management conference. *Held*:

This court declined to review the plaintiff's claim that the sanction of dismissal was a disproportionately harsh sanction for her failure to attend the trial management conference, as the claim was inadequately briefed.

The plaintiff's claim that the trial court abused its discretion in finding facts to conclude that a default existed or should have entered was unavailing, as the court did not make any factual findings as to the merits of the plaintiff's cause of action but, rather, entered a disciplinary dismissal on the ground that the plaintiff had failed to appear at the trial management conference.

The plaintiff's claim that the trial court denied her procedural and substantive due process in dismissing her action without a hearing and notice pursuant to the rule of practice (§ 14-3) was misplaced, as the court entered a disciplinary dismissal for her failure to appear at the trial management conference, not for a failure to prosecute her action pursuant to Practice Book § 14-3.

The trial court did not abuse its discretion in denying the plaintiff's motion for reconsideration, in which she claimed that COVID-19 symptoms excused her failure to appear at the trial management conference, as the court correctly determined that a motion for reconsideration was not the appropriate vehicle because the plaintiff did not assert a misapprehension of the law or a misapprehension of the facts underlying the court's dismissal, and her argument setting forth new facts to excuse her failure to appear should have been raised in a motion to open pursuant to the rule of practice (§ 17-43).

Argued May 29—officially released July 22, 2025

*Procedural History*

Action for, inter alia, a writ of quo warranto challenging the qualifications of the named defendant to serve as corporation counsel for the defendant city of Norwich, brought to the Superior Court in the judicial district of New London, where the court, *Graff, J.*, rendered

judgment dismissing the action; thereafter, the court denied the plaintiff's motion for reconsideration, and the plaintiff appealed to this court. *Affirmed.*

*Sheri Speer*, self-represented, the appellant (plaintiff).

*Lloyd L. Langhammer*, for the appellees (defendants).

*Opinion*

CRADLE, C. J. The self-represented plaintiff, Sheri Speer, appeals from the judgment of the trial court dismissing her quo warranto action challenging the qualifications of the defendants Brown Jacobson P.C. (Brown Jacobson) and one of its attorneys, Aimee Wickless, to serve as corporation counsel for the defendant city of Norwich (city) due to her failure to appear at the trial management conference. The plaintiff claims that (1) dismissal was a disproportionate sanction for her failure to appear at the trial management conference "due to medical inability"; (2) the court "abused its discretion in finding facts to conclude that a default existed or should have entered"; (3) the court "denied [her] procedural and substantive due process in dismissing the action without a hearing and notice"; and (4) the court abused its discretion in denying her motion for reconsideration. We affirm the judgment of the trial court.

The following undisputed facts and procedural history are relevant to our consideration of the plaintiff's claims on appeal. Brown Jacobson and Wickless have acted as corporation counsel and assistant corporation counsel for the city in various legal proceedings, including some involving the plaintiff. In 2021, the self-represented plaintiff commenced the present quo warranto action challenging the qualifications of the defendants to serve as corporation counsel on the ground that

neither is an elector of the city. The court, *O'Hanlan, J.*, dismissed the action after finding that it was barred by the doctrines of res judicata and collateral estoppel. That judgment was reversed by this court in *Speer* v. *Brown Jacobson P.C.*, 222 Conn. App. 638, 656, 306 A.3d 1105 (2023).

On remand, in January, 2024, a JDNO notice[1] was issued, containing trial management orders and scheduling a trial management conference for July 18, 2024. On July 16, 2024, the plaintiff filed a trial management report, but she failed to attend the trial management conference two days later. After confirming that the plaintiff was not present in court and that she had not filed a motion for continuance, the court heard from counsel for the defendants, who argued, inter alia, that the case should be dismissed. The court, *Graff, J.*, agreed, explaining: "I am looking at the court notice that was sent out on—notice was issued on January 26, 2024, in this matter. In that notice it stated that an in-person trial management conference is scheduled at the above date and time, which was July 18, 2024, at 10:30 a.m., and it gave the address for the courthouse. In that notice, it also states [that] motions for continuances shall be e-filed and are only granted for exceptional circumstances. [The notice further provides that] [f]ailure to comply with this order shall subject the parties and counsel to sanctions, including dismissal of the case, judgment of nonsuit, or default, or other sanctions. In addition to that, it does discuss in the order that unless otherwise ordered by the court, insurance adjusters shall be available by telephone throughout

---

[1] "The designation JDNO is a standard notation used to indicate that a judicial notice of a decision or order has been sent by the clerk's office to all parties of record. Such a notation raises a presumption that notice was sent and received in the absence of a finding to the contrary." (Internal quotation marks omitted.) *LendingHome Funding Corp.* v. *REI Holdings, LLC*, 227 Conn. App. 786, 789 n.4, 324 A.3d 152 (2024), cert. denied, 351 Conn. 905, 330 A.3d 133 (2025).

the duration of the trial management conference. Prior to the [trial management conference], counsel and self-represented parties shall e-file with the court a joint trial management report, as required in the joint trial management order. This order was put in place by the presiding court judge. It was mailed by the court to [the plaintiff's] address on file, and it was sent electronically to [counsel for the defendants]. I believe it was also electronically sent to [the plaintiff]. . . .

"Based on the plaintiff's failure to appear at today's trial management conference, and her failure to submit a trial management report or to confer with [counsel for the defendants] and submit a joint trial management report, the court is going to dismiss this action."

That same day, the court, *Graff, J.*, issued a written order reiterating that a trial management conference had been held, that notice had been sent to both parties and stating, inter alia: "Upon further review, the plaintiff filed [her] trial management report . . . on July 16, 2024, in preparation for today's trial management conference. Therefore, based upon the plaintiff's failure to appear, the court hereby dismisses this action."

The next day, the plaintiff filed a motion for reconsideration, which indicated that it was being filed pursuant to Practice Book § 11-11,[2] on the ground that she "contracted COVID-19 two days ago and has debilitating

---

[2] Practice Book § 11-11 provides: "Any motions which would, pursuant to Section 63-1, delay the commencement of the appeal period, and any motions which, pursuant to Section 63-1, would toll the appeal period and cause it to begin again, shall be filed simultaneously insofar as such filing is possible, and shall be considered by the judge who rendered the underlying judgment or decision. The party filing any such motion shall set forth the judgment or decision which is the subject of the motion, the name of the judge who rendered it, the specific grounds upon which the party relies, and shall indicate on the bottom of the first page of the motion that such motion is a Section 11-11 motion. The foregoing applies to motions to reargue decisions that are final judgments for purposes of appeal, but shall not apply to motions under Sections 16-35, 17-2A and 11-12."

symptoms at present. [Her] present workload in this court and in her regular vocation has not exactly facilitated recovery, let alone time to adequately respond or react to numerous matters occurring simultaneously."

On August 1, 2024, the plaintiff filed an affidavit in support of her motion for reconsideration in which she averred that she had been prevented from attending the trial management conference or seeking a continuance because she had been hospitalized on the date of the trial management conference. In the affidavit, the plaintiff offered to file her medical records under seal if the court so ordered.[3]

On August 23, 2024, the court denied the plaintiff's motion for reconsideration. In its order, the court explained: "Pursuant to Practice Book § 11-12, a motion for reconsideration is appropriate when the court renders a decision on the merits. Here, when dismissing the case, the court did not render a decision on the merits. Instead, the court rendered a judgment of dismissal after the court entered a default for the plaintiff's failure to appear at the trial management conference." This appeal followed.

I

The plaintiff first claims that the court's dismissal of her case was a disproportionately harsh sanction for her failure to attend the trial management conference. We conclude that this claim is inadequately briefed, and, therefore, we decline to address it.

"We repeatedly have stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief

---

[3] The plaintiff did not, however, affirmatively ask the court for permission to file her medical records, nor did she request an evidentiary hearing.

the issue properly. . . . [When] a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned. . . . For a reviewing court to judiciously and efficiently . . . consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. . . . In addition, briefing is inadequate when it is not only short, but confusing, repetitive, and disorganized. . . .

"We are mindful that [i]t is the established policy of the Connecticut courts to be solicitous of [self-represented] litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the [self-represented] party. . . . Nonetheless, [a]lthough we allow [self-represented] litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *Gleason* v. *Durden*, 211 Conn. App. 416, 439–40, 272 A.3d 1129, cert. denied, 343 Conn. 921, 275 A.3d 211 (2022).

Here, the portion of the plaintiff's appellate brief that is devoted to this claim consists of a recitation of the applicable standard of review and legal principles. Although the plaintiff aptly sets forth in her brief the principles of law that guide our consideration of the proportionality of the dismissal, she has failed to provide any analysis applying those principles to the facts of this case. For instance, the plaintiff cites *Ridgaway* v. *Mount Vernon Fire Ins. Co.*, 328 Conn. 60, 73, 176 A.3d 1167 (2018), which held that the proportionality test set forth in *Millbrook Owners Assn., Inc.* v. *Hamilton Standard*, 257 Conn. 1, 776 A.2d 1115 (2001), applies to all sanctions. Under that test, this court considers, when reviewing sanctions imposed by the trial court,

the nature and frequency of the misconduct that precipitated the sanction, the notice of the possibility of a sanction, lesser available sanctions, and the plaintiff's participation in or knowledge of the misconduct. *Ridgaway* v. *Mount Vernon Fire Ins. Co.*, supra, 73. Because the plaintiff has failed to provide any analysis as to her claim of disproportionality or the application of the foregoing factors to the court's dismissal, she has failed to adequately brief this claim. Accordingly, we decline to review it.

## II

The plaintiff next claims that the court "abused its discretion in finding facts to conclude that a default existed or should have entered." She cites the principle that "a default admits the material facts that constitute a cause of action" and argues that "the trial court's judgment both finding a default and then entering judgment upon default can neither be legally nor factually correct." It is clear from the court's order of dismissal that it did not make any factual findings as to the merits of the plaintiff's cause of action, but, rather, simply entered a disciplinary dismissal on the ground that the plaintiff failed to appear at the trial management conference.[4] The plaintiff's claim is therefore unavailing.

## III

The plaintiff next claims that the court "denied [her] procedural and substantive due process in dismissing [her] action without a hearing and notice." She cursorily[5] argues that she was entitled to notice and a hearing

---

[4] Although the court did not state the legal authority for its dismissal, we presume that the court entered the dismissal pursuant to Practice Book § 17-19, which permits the court to enter a nonsuit or default for failure to comply with a court order.

[5] The plaintiff has provided no legal authority or analysis in support of this claim.

before the court dismissed her action pursuant to Practice Book § 14-3. The plaintiff's claim is misplaced in that the court entered a disciplinary dismissal for her failure to appear at the trial management conference, not a failure to prosecute her action pursuant to § 14-3. Moreover, the notice sent to the parties in January, 2024, containing the court's trial management orders and scheduling the trial management conference specifically stated that the failure to comply with those orders could result in sanctions, including dismissal. The plaintiff's claim in this regard therefore fails.

## IV

The plaintiff finally claims that the court abused its discretion when it denied her motion for reconsideration. We disagree.

Practice Book § 11-12 provides in relevant part: "(a) A party who wishes to reargue a decision or order rendered by the court shall, within twenty days from the issuance of notice of the rendition of the decision or order, file a motion to reargue setting forth the decision or order which is the subject of the motion, the name of the judge who rendered it, and the specific grounds for reargument upon which the party relies. . . ."

As the plaintiff aptly points out: "[T]he purpose of [a motion for reargument and reconsideration] is *not to assert newly raised claims*. Motions for reargument and motions for reconsideration are nearly identical in purpose. [T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . A reconsideration implies reexamination and possibly a different decision by the [court] which initially decided it. . . . [A] reconsideration hearing involves consideration of

the trial evidence in light of outside factors such as new law, a miscalculation or a misapplication of the law. . . . [Reargument] also may be used to address alleged inconsistencies in the trial court's memorandum of decision as well as claims of law that the [movant] claimed were not addressed by the court. . . . [A] motion to reargue [however] is not to be used as an opportunity to have a second bite of the apple or to present additional cases or briefs which could have been presented at the time of the original argument." (Emphasis added; internal quotation marks omitted.) *Doe* v. *Bemer*, 215 Conn. App. 504, 516 n.6, 283 A.3d 1074 (2022).

"We review a trial court's decision to deny a litigant's motion for reargument and reconsideration for an abuse of discretion. . . . [A]s with any discretionary action of the trial court, appellate review requires every reasonable presumption in favor of the action, and the ultimate issue for us is whether the trial court could have reasonably concluded as it did. . . . In addition, where a motion is addressed to the discretion of the court, the burden of proving an abuse of that discretion rests with the appellant." (Citations omitted; internal quotation marks omitted.) *Carriage House I-Enfield Assn.*, *Inc.* v. *Johnston*, 160 Conn. App. 226, 236, 124 A.3d 952 (2015).

Here, the plaintiff argues that the court incorrectly "found that a motion for reconsideration, in general, let alone Practice Book § 11-12, was not the correct vehicle to address the misapprehension of facts and of the law." This argument misstates the court's ruling. We construe the court's ruling as stating that Practice Book §11-12 did not apply *because* the plaintiff did not assert a misapprehension of the law or a misapprehension of the facts underlying the court's dismissal—that she had notice of the date and time of the scheduled trial management conference and failed to appear—

but, rather, sought to introduce new facts to excuse her failure to appear at the trial management conference. See *In re Elianah T.-T.*, 327 Conn. 912, 914, 171 A.3d 447 (2017) (motion for reconsideration was not properly used as means to try new argument). Her motion sought to assert a new claim that was not properly raised in a motion for reconsideration. The plaintiff's argument that she failed to appear at the trial management conference should have been asserted in a motion to open pursuant to Practice Book § 17-43, which she did not file.[6] Accordingly, we conclude that the court did not abuse its discretion in denying the plaintiff's motion for reconsideration.[7]

The judgment is affirmed.

In this opinion the other judges concurred.

[6] Practice Book § 17-43 provides in relevant part: "(a) Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the judicial authority deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. Such written motion shall be verified by the oath of the complainant or the complainant's attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or the defendant failed to appear. The judicial authority shall order reasonable notice of the pendency of such written motion to be given to the adverse party, and may enjoin that party against enforcing such judgment or decree until the decision upon such written motion. . . ."

[7] We likewise reject the plaintiff's argument that the court improperly denied her motion for reconsideration on the ground that Practice Book § 11-12 did not apply because she specifically stated in her motion that she was filing it pursuant to Practice Book § 11-11. Our Supreme Court has explained that Practice Book § 11-12 governs motions to reargue an interlocutory order, whereas Practice Book § 11-11 governs motions to reargue a decision that constitutes a final judgment for purposes of appeal and "the standards governing the two rules of practice are not distinguishable . . . ." *Hudson Valley Bank* v. *Kissel*, 303 Conn. 614, 623 n.7, 35 A.3d 260 (2012).